# Rheinstrom, Appellant, *v.* Wolf.

*Liquor laws—Adulteration—Sale of liquor—Act of March 29, 1860, P. L. 346—Affidavit of defense.*

In an action to recover the price of liquor sold and delivered an affidavit of defense is sufficient which avers that the liquors were impure, vitiated and adulterated, that the defendant was a licensed wholesale dealer, that he distributed the liquors to his customers, when it was discovered that the liquors were impure, vitiated and adulterated, and in consequence the defendant lost customers and suffered damages.

Submitted Oct. 21, 1904. Appeal, No. 166, Oct. T., 1904, by plaintiff, from order of C. P. No. 4, Phila. Co., March T., 1904, No. 3,946, discharging rule for judgment for want of a sufficient affidavit of defense in case of Abraham Rheinstrom and Isaac Rheinstrom, trading as Rheinstrom Brothers v. Martin L. Wolf. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for liquors sold and delivered.

The material averments of the affidavit of defense are quoted in the opinion of the Superior Court.

*Error assigned* was the order of the court discharging the rule.

*Alfred Tennyson Steinmetz,* with him *George Wentworth Carr,* for appellant.

*David Phillips,* of *Monaghan & Phillips,* for appellee.

OPINION BY PORTER, J., December 12, 1904:

This is an action to recover the price of liquors sold and delivered. The material parts of the affidavit of defense which the court below held to be sufficient are as follows: " The defendant is a licensed wholesale liquor dealer, and in pursuance of his business he did buy the goods mentioned in the plaintiff's statement of claim for the prices mentioned, and did receive said goods, and the said defendant distributed the goods so delivered by the plaintiff to the defendant to his customers,

when it was discovered that the said liquors delivered by the plaintiff to the defendant were impure, vitiated and adulterated, and that several of the defendant's customers had been arrested for having in their possession the said goods which were delivered by the plaintiff to the defendant, and which were impure, vitiated and adulterated, and that defendant's customers were fined for having said impure, vitiated and adulterated goods in their possession, which goods were the property of the said plaintiff.   And in consequence of the said plaintiff delivering to said defendant the said impure, vitiated and adulterated goods defendant has lost customers, and by reason of the said conduct of the plaintiff the defendant has suffered damages to the extent of five thousand dollars."

We have here an averment not only that the liquors were impure, vitiated and adulterated, in the language of the Act of March 29, 1860, P. L. 346, but that because of that impurity, vitiation and adulteration of these very liquors, the dealers to whom the defendant had sold them were arrested and fined for having them in their possession, and that as a consequence the defendant had lost customers in his business.   The fact that the defendant had sold the liquors before discovering that they were impure, vitiated and adulterated was a sufficient explanation of the failure of the defendant to tender a return of the goods.   The allegation that the customers to whom the defendant had delivered the goods had been arrested and fined for having such goods in their possession is immaterial, for the record of the conviction of such customers, in proceedings to which these plaintiffs were not parties, would not be competent evidence in this case.   We have held in the case of Spellman v. Kelly, in which an opinion has this day been filed, that a mere averment in an affidavit of defense that liquors were impure, vitiated and adulterated, without averring that such impurity, vitiation or adulteration impaired the quality or value of the goods, or stating facts which would necessarily imply such impairment, is not sufficient to prevent judgment in an action for the price of liquors sold and delivered.

The affidavit in the present case does not stop with the allegation that the liquors were impure, vitiated and adulterated ; it avers that the defendant was a licensed wholesale dealer and bought the goods for the purposes of his business, that he dis-

tributed them to his customers, when it was discovered that the liquors were impure, vitiated and adulterated, and in consequence of the plaintiff delivering to the said defendant the said impure, vitiated and adulterated goods the defendant lost customers and suffered damages.   This necessarily implies that the adulteration of the goods was of such a character as to affect their quality and value for purposes of trade; that it rendered them unmarketable.   Proof that liquors are adulterated to such an extent as to render them unmarketable, because of such adulteration, will constitute a defense under the provisions of the Act of March 29, 1860, P. L. 346.

The appeal is dismissed at the costs of the plaintiff, but without prejudice, etc.